**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHECKERS DRIVE-IN RESTAURANTS, INC.,**

    **Plaintiff,**

v.                                               **Case No. 8:05-cv-352-T-30MAP**

**ROBERT VOCISANO, MARIO, VOCISANO, GOLDEN GATE INN AND COUNTRY CLUB,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law (Dkt. # 58), Defendants' Memorandum in Response to Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. # 60), and Plaintiff's Reply to Defendants' Memorandum in Response to Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. # 61).[1]

This action arises out of a dispute concerning a franchise agreement for a Checkers drive-in restaurant. The parties amicably reached a settlement of this matter prior to trial. As part of the settlement, the parties agreed that Plaintiff is entitled to reasonable attorney's fees and costs. Specifically, the parties' settlement agreement provides that:

---

[1] Plaintiff also submitted the affidavits of Leslie E. Joughin, III, and Paul D. Watson in support of its motion.

> The Vocisano Group [Defendants] agrees that Checkers [Plaintiff] is entitled to full reimbursement of its reasonable attorneys' fees and costs incurred as a result fo the Lawsuit.  Checkers and the Vocisano Group agree that the amount of attorneys' fees and costs shall be determined by the Court.

## Legal Standard for Motions for Attorneys' Fees

This Court employs a three-step process in evaluating motions for attorneys' fees. See Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000).  First, the Court must determine whether Plaintiff is a prevailing party entitled to attorneys' fees. Id.  Second, the Court must calculate the lodestar, which is the number of reasonable hours spent working on the case multiplied by a reasonable hourly rate. Id.  Finally, the Court must determine whether an adjustment to the lodestar is necessary.  Id.

**I.      Plaintiff's Entitlement to Attorneys' Fees**

Despite the above stipulation, Defendants assert that Plaintiff is only entitled to a nominal amount because this entire action was unnecessary.  Defendants argue that this matter could have been quickly and easily resolved had Plaintiff agreed to undergo mediation pursuant to the terms of the Franchise Agreement.

The Court disagrees. Initially, the Court notes that Defendants appear to be attempting to circumvent their stipulation that Plaintiff is entitled to reasonable attorneys' fees and costs. Moreover, the Court finds Defendants' claim that this matter would have been easily resolved at pre-suit mediation to be disingenuous.  The parties hotly contested this litigation for approximately five (5) months and the case failed to settle at Court ordered mediation. It was not until July 15, 2005, one week before the dispositive motion deadline, that the

parties finalized their settlement agreement. Defendants chose to contest this action even though they were on notice that, pursuant to section 19.05 of the Franchise Agreement, Defendants would be liable for attorneys' fees and costs if the Plaintiff ultimately prevailed.

## II.     Lodestar

Defendants do not contest the hourly rates charged by Plaintiff's attorneys. However, Defendants do dispute portions of Plaintiff's time entries as unsuccessful, redundant and unnecessary. Specifically, they argue that Plaintiff is not entitled to attorneys' fees for preparing the unsuccessful initial motion preliminary injunction, for defending Defendants' motion to compel alternative dispute resolution, for preparing a motion for summary judgment that was never filed, and for filing the second motion for preliminary injunction which was never ruled on.

### A.     Defendants' Objections

#### 1.     Initial Motion for Preliminary Injunction

Defendants argue that Plaintiff's not entitled to recover attorneys' fees for time spent by Plaintiff's attorneys on the initial motion for preliminary injunction because the motion was unsuccessful. In support of their position, Defendants rely upon Gray v. Florida First Financial Group, Inc., 359 F.Supp.2d 1316 (M.D.Fla. 2005) and United States Equal Employment Opportunity Commission v. Enterprise Leasing Co., Inc., No. 8:00-cv-2012-T-24-EAD, 2003 WL 21659097 (M.D.Fla. May 16, 2003). In Gray and Enterprise Leasing, Judge Bucklew noted that a court should deduct time spent on "discrete and unsuccessful claims." Id. at 1319; 2003 WL 21659097 at * 7.

Plaintiff's initial motion for preliminary injunction was not separate and discrete from the merits of its underlying claim. Moreover, Plaintiff was not entirely unsuccessful in its motion. Although the Court denied the motion for preliminary injunction which would have resulted in the closing of the restaurant, the Court authorized Plaintiff to conduct inspections of the restaurant without prior notice and without regard to whether a member of Defendants' senior management was available to participate in the inspections. Accordingly, the Court finds that Plaintiff is entitled to recover attorneys' fees for time reasonably spent in preparing and arguing the initial motion for preliminary injunction.

### 2.     Defending Defendant's Motion for Alternative Dispute Resolution

Defendants argue that Plaintiff should not recover attorneys' fees incurred in defending their motion to compel alternative dispute resolution and to stay proceedings. Defendants assert that they were successful on their motion because the Court ordered the parties to attend mediation. However, the Court's Order granted Defendants' motion in part and denied the motion in part (Dkt. #36).[2] The Court refused to stay the proceedings as requested by Defendants. The Court finds Plaintiff's actions in defending the motion to be reasonable and Plaintiff is entitled to recovery attorneys' fees for this time.

---

[2] The Court also notes that Defendants appear to take an inconsistent position. Defendants argue that Plaintiff is not entitled to attorneys' fees for prosecuting a motion for preliminary injunction that was partially successful while at the same time arguing that Plaintiff is not entitled to fees incurred in successfully defending portions of the motion to compel alternative dispute resolution and to stay proceedings.

### 3. Motion for Summary Judgment

Defendants assert that Plaintiff is not entitled to recover for fees incurred in preparing a motion for summary judgment that was never filed with the Court. As noted above, the parties finalized a settlement one week prior to the dispositive motion deadline and approximately six weeks after an unsuccessful mediation. The Court finds that it was reasonable and prudent for Plaintiff's to be preparing its motion for summary judgment given the impending deadline. The fact that the filing of the motion proved to be unnecessary does not preclude Plaintiff from recovering fees incurred in preparing the motion.

### 4. Renewed Motion for Preliminary Injunction

Finally, Defendants argue that Plaintiff should not recovery attorneys' fees for the preparation of the second motion for preliminary injunction because it was unnecessary. The parties finalized their settlement prior to the scheduled hearing on Plaintiff's motion and the Court never ruled on the merits of the motion.

Plaintiff's second motion for preliminary injunction alleged that Defendants and their employees were not cooperating with Plaintiff, had not paid royalties and other amounts owed under the Franchise Agreement, and continued to operate the restaurant in an unacceptable condition. Plaintiff argued that Defendants actions were irreparably harming Checker trademarks and goodwill. In response, Defendants submitted an affidavit and accompanying photographs refuting the contention that there was a sewage backup at the

restaurant.[3]  The Court, having reviewed Plaintiff's renewed motion and Defendants' response, finds that Plaintiff's actions in filling the renewed motion were reasonable and that it is entitled to recovery those attorneys' fees.

### 5.     Block Billing

Defendants object to Plaintiff's attorneys' practice of "block billing," or the lumping of various tasks into a single time entry, and seeks the exclusion of all block billed time entries from the fee application.  While the Court would prefer individualized time entries for each task performed, the proper remedy is not the exclusion of the entire entry. Rather, Plaintiff's entries are subject to the Court's discretion to properly apportion the time spent on each task.  See Enterprise Leasing, 2003 WL 21659097 at * 5 n.7.

### 6.     Excessive Time Entries

Defendants also assert that many of Plaintiff's counsel time entries are excessive for the task performed and that counsel should have performed their work more efficiently. Defendants do not submit any affidavits or testimony of experts supporting their claim that the time expended was unreasonable.  However, the Court has conducted a thorough and independent review of the time records and has made modifications as indicated below.

---

[3] The Court acknowledges that the settlement eliminated the necessity for Defendants' to file a full response to Plaintiff's renewed motion.

**B.     Lodestar Amount**

The Court finds that the resulting lodestar amount is $$29,563.50, as summarized in the following table:

|  | Reasonable Hours | Rate | Reasonable Fee |
|---|---|---|---|
| Paul D. Watson | 91.6 | $210.00 | $19,236.00 |
| Roger James Haughey, II | 30.9 | $195.00 | $6,025.50 |
| Wesley D. Tibbals | 23.9 | $180.00 | $4,302.00 |
| Patricia A. Personius (paralegal) | 0.00 | $75.00 | $0.00 |
| **Lodestar Total** | | | **$29,563.50** |

**1.     Paul D. Watson**

Partner Paul D. Watson charged a rate of $210.00 per hour for 106.3 hours, totaling $22,323.00. After a review of Mr. Watson's time, the Court finds that it should be reduced by 14.7 hours. Several of Mr. Watson's entries were excessive for the work performed. For example, on April 18, 2005, Mr. Watson billed 4.5 hours for reviewing Defendant's response to the motion for preliminary injunction and a telephone conference. Therefore, the Court finds that 91.6 hours is reasonable for Mr. Watson.

**2.     Roger James Haughey, II**

Partner R.J. Haughey, II charged a rate of $195.00 per hour for 40.10 hours, totaling $7,819.50. Upon review of Mr. Haughey's time, the Court finds that it must be reduced by 9.2 hours. The Court finds that some of Mr. Haughey's time was redundant and overlapped

with work performed by other billing attorneys. For example, two attorneys were not required to attend the April 26, 2005 preliminary injunction hearing. Therefore, the Court finds that 30.9 hours is reasonable for Mr. Haughey.

### 3. Wesley D. Tibbals

Associate Wesley D. Tibbals charged a rate of $180.00 per hour for 23.9 hours, totaling $4,302.00. After a review of Mr. Tibbals' time, the Court finds that 23.9 hours is reasonable.

### 4. Patricia A. Personious

Paralegal Patricia A. Personious charged a rate of $75.00 per hour for two (2) hours, totaling $150.00. The Court finds that Plaintiff is not entitled to recover for Ms. Personious' time because it was spent performing the secretarial task of preparing a hearing notebook.

## III. Adjustment to Loadstar

As noted above, the Court finds that the lodestar amount is $29,563.50. The Court now must determine whether an adjustment to the lodestar is necessary. Because the Court had reduce the hours Plaintiff's attorney's are entitled too, it does not find that the lodestar should be modified further.

## IV. Costs

## A. Defendants' Objections

### 1. Mediation Fees

Defendants object to the inclusion of the $783.75 mediation fee as a taxable cost. Section 18.01 of the Franchise Agreement provides that "[e]ach party must bear its own costs

of complying with [the Negotiation and Mediation] section, and must share equally the costs of any mediator." Although mediation was court ordered and was not conducted entirely within the parameters of § 18.01, the Court finds that it was the intent of the parties, as exhibited through the Franchise Agreement, to exclude the expense of mediation from any taxable costs.

### 2.     Photocopy Costs

Plaintiffs seek to recover a total of $663.50 in costs for copies of papers used in the case. Pursuant to 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." The burden is on the party seeking taxation of the costs to establish that the copies were necessarily obtained for use in the case. See Scelta v. Delicatessen Support Services, Inc., 203 F.Supp.2d 1328, 1340 (M.D.Fla.2002)(citing Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F.Supp. 906, 914 (M.D.Fla. 1989)). The Court finds that Plaintiff has failed to meet its burden of proof regarding the copies. It is impossible for the Court to determine the nature of the copies obtained. Therefore, such charges are not taxable.

### B.     Taxable Costs

Plaintiff is entitled to recover $806.32 in costs. This consists of the $250.00 filing fee and the $556.32 incurred in services of summons and subpoenas.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law (Dkt. # 58) is GRANTED IN PART AND DENIED IN PART as stated herein.

2.      Plaintiff is awarded attorneys' fees and costs in the amount of **$30,369.82** ($29,563.50 in attorney's fees, and $806.32 in costs).

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-352.mot atty fees.wpd